UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

STEFAN JOHN STANKIC,            )
                                )
    Petitioner,             )        3:05-cv-0347-ECR-RAM
                                )
vs.                             )
                                )        **ORDER**
DIRECTOR, NEVADA                )
DEPARTMENT OF                   )
CORRECTIONS, *et al.*,          )
                                )
    Respondents.            )
                                )
_____ )

On May 16, 2008 the Court denied petitioner's motion for appointment of counsel (docket #39). Now before the Court is petitioner's motion for reconsideration, filed June 2, 2008 (docket #40).

Where a ruling has resulted in final judgment or order, a motion for reconsideration may be construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment pursuant to Federal Rule 60(b). *School Dist. No. 1J Multnomah County v. AC&S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993).

Under Federal Rule of Civil Procedure 60(b) the court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, it is based on an earlier judgment that has been reversed or vacated, or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

1  Motions to reconsider are generally left to the discretion of the trial court. *See Herbst v. Cook*, 260
2  F.3d 1039, 1044 (9th Cir. 2001). Rule 59(e) of the Federal Rules of Civil Procedure provides that
3  any "motion to alter or amend a judgment must be filed no later than 10 days after entry of the
4  judgment." Furthermore, a motion under Fed. R. Civ. P. 59(e) "should not be granted, absent highly
5  unusual circumstances, unless the district court is presented with newly discovered evidence,
6  committed clear error, or if there is an intervening change in the controlling law." *Herbst*, 260 F.3d
7  at 1044 (quoting *McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir. 1999)).

8      Petitioner seeks reconsideration of this Court's May 16, 2008 order, in which
9  petitioner's motion for the appointment of counsel was denied (docket #39). Petitioner asserts that
10 he is a foreign national and that his petition and prior motions were completed only with the
11 assistance of other people.

12     Petitioner has not demonstrated that he is entitled to reversal of this court's decision
13 under either rule 59(e) or 60(b). There is no constitutional right to appointed counsel for a federal
14 habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999
15 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *Chaney v.*
16 *Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984).
17 Petitioner has not demonstrated that he is incapable of presenting his claims in this litigation. The
18 issues in this action do not appear overly complex. Petitioner has assistance of other people and has
19 successfully filed a petition in which his claims are sufficiently set forth, and he has filed several
20 motions in this Court. The appointment of counsel is not justified in this instance. The motion for
21 reconsideration is denied.

22     **IT IS THEREFORE ORDERED** that petitioner's motion for reconsideration
23 (docket #40) of this Court's order denying a motion for appointment of counsel is **DENIED.**
24     Dated this ___5th___ day of June, 2008.

*Edward C. Reed*
UNITED STATES DISTRICT JUDGE

2