UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| STEFAN JOHN STANKIC, ) <br> ) <br>     Petitioner, ) <br> ) <br> vs. ) <br> ) <br> DIRECTOR, NEVADA DEPARTMENT ) <br> OF CORRECTIONS, *et al.*, ) <br> ) <br>     Respondents. ) <br> ) <br> _____) | 3:05-cv-0347-ECR-RAM <br><br> **ORDER** |

       This action is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 by pro se petitioner John Stankic. On May 4, 2009, this Court denied the petition for writ of habeas corpus and determined petitioner was not entitled to a certificate of appealability (docket #53). The Clerk entered judgment the following day (docket #54). Petitioner then filed a motion for reconsideration and motion for appointment of counsel (docket #55). The Court denied those motions (docket #57).

       Now before the Court is petitioner's motion for certificate of appealability (docket #59). This Court has previously denied petitioner a certificate of appealability. In order to proceed with an appeal from this court, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id*. The Supreme Court has held that a

petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Supreme Court further illuminated the standard for issuance of a certificate of appealability in *Miller-El v. Cockrell*, 537 U.S. 322 (2003). The Court stated in that case:

> We do not require petitioner to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail. As we stated in *Slack*, "[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."

*Id.* at 1040 (quoting *Slack*, 529 U.S. at 484).

The Court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appeal, and the Court determines that none meet that standard. Petitioner has not shown that reasonable jurists would find this Court's assessment of petitioner's constitutional claims debatable or wrong. The Court will deny the motion for certificate of appealability.

Petitioner also filed a motion to enjoin the Nevada Board of Parole Commissioners and the Nevada Department of Corrections from releasing him to the custody of Immigration and Customs Enforcement while his habeas proceeding is pending (docket #59).

A preliminary injunction is an extraordinary remedy, and the right to relief must be both clear and unequivocal before a court will grant an injunction. *See Schrier v. University of CO,* 427 F.3d 1253, 1258 (10th Cir. 2005). A request for injunctive relief that goes beyond simply maintaining the status quo, "is particularly disfavored, and should not be issued unless the facts and law clearly favor the moving party." *Anderson v. United States,* 612 F.2d 1112, 1114 (9th Cir. 1979), *see Stanley v. Univ. of S. Cal.,* 13 F.3d 1313, 1319-20 (9th Cir. 1994). A preliminary injunction will only be granted if the requesting party demonstrates either: (1) a combination of probable success on the merits and the probability of irreparable harm; or (2) the existence of serious

1  questions going to the merits and the balance of hardships tips sharply in favor of the requesting
2  party. *LGS Architects, Inc. v. Concordia Homes of Nevada,* 434 F.3d 1150, 1155 (9th Cir. 2006);
3  *Sony Computer Entertainment Am., Inc. v. Bleem, LLC,* 214 F.3d 1022, 1025 (9th Cir. 2000). The
4  two formulations represent a sliding scale where the degree of irreparable harm required increases as
5  the probability of success decreases. *LGS Architects*, 434 F.3d at 1155 (citations omitted). A
6  movant with questionable claims does not meet the likelihood of success criterion. *Grupo Mexicano*
7  *de Desarrollo S.A. v. Alliance Bond Fund, Inc.,* 527 U.S. 308, 340 (1999).

8  Plaintiff has not shown a probability of success on the merits of this action. The
9  Court has already denied petitioner's constitutional claims contained in his habeas petition on the
10 merits. As petitioner has not shown that he is being unlawfully imprisoned, or that his judgment of
11 conviction should be reversed, there is no indication that there is the probability of irreparable harm
12 if petitioner is released to the custody of Immigration and Customs Enforcement. The Court will
13 deny petitioner's motion for injunction.

14 **IT IS THEREFORE ORDERED** that petitioner's motion for certificate of
15 appealability and motion for injunction (docket #59) is **DENIED.**

17 Dated this 6th day of October, 2009.

*Edward C. Reed.*
UNITED STATES DISTRICT JUDGE